IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEREL R. McELROY                                                                                          PLAINTIFF

v.                        Civil No. 5:24-CV-05022-TLB-CDC

DETENTION OFFICER DAVID POLLOCK,
Benton County Detention Center (BCDC);
JOHN OR JANE DOE DETENTION OFFICERS, BCDC; and
SHERIFF SHAWN HOLLOWAY,                                                                       DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jerel R. McElroy, a convicted prisoner currently detained at the Benton County Detention Center ("BCDC"), has initiated the above-captioned civil rights action under 42 U.S.C. § 1983.[1] (ECF No. 1). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

This Court previously ordered Plaintiff to submit an amended complaint and either file a complete *in forma pauperis* ("IFP") application or pay the full filing fee. (ECF No. 3). The Court subsequently received Plaintiff's complete IFP application, and then granted Plaintiff's request to proceed IFP. (ECF No. 6). Having now received Plaintiff's Amended Complaint, (ECF No. 8), this matter is back before the Court for preservice review pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to review any complaint in which a prisoner, such as Plaintiff, seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Although Plaintiff is currently a convicted prisoner, *see* (ECF No. 8), as explained below, the factual predicate of his claims arose while he was a pretrial detainee. In any event, Plaintiff is a "prisoner" for the purposes of 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(c).

1

28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's Amended Complaint be dismissed, in part.

## I. BACKGROUND[2]

Plaintiff asserts three claims for relief. First, Plaintiff says that when he was moved from booking to a cell on October 15, 2019, to October 18, 2019, Defendant Officer David Pollock rushed in while radioing other officers, grabbed him, punched him, and kicked him while he was on the floor. Plaintiff says that Defendant Pollock then dragged him out of the cell and kicked, punched, elbowed, and slammed him. He claims that Defendant Pollock tased him twice and banged his head in the ground. Plaintiff says that he did nothing to provoke this assault. The assault caused him physical injury, including a black eye and bruised ribs. Plaintiff says that he required stitches. After the assault, Plaintiff contends that he was placed in "the hole," with no access to his family or the grievance system. Plaintiff says that he was able to reach out to his family on October 17-18, 2019, and they bonded him out of jail.

Second, Plaintiff says when he was booked into the BCDC for a "FTA," he was placed on "lockdown" from November 8, 2021, to December 10, 2021, for no reason. Plaintiff claims that Defendant Pollock and John or Jane Doe detention officers signed the paperwork. According to Plaintiff, he filed a grievance on November 14, 2021, against Defendant Pollock for putting him in lockdown, and "D. Stamps" investigated it, but no action was taken. Plaintiff says that he filed a second grievance on November 24, 2021, and a third grievance on November 29, 2021, but no

---

[2] The facts in this section derive from Plaintiff's verified Amended Complaint. (ECF No. 8). For the purposes of preservice review, the Court assumes the allegations to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal citation omitted).

action was taken either time.  Plaintiff says that he suffered mental and physical abuse while in lockdown.  He claims that he did not have access to a mat or socks and was "stripped from everything."  Plaintiff also contends that the air conditioning was set at 40 degrees, freezing the inmates.

Third, Plaintiff says that John and Jane Doe detention officers participated in the October 15, 2019—October 18, 2019, assault.

Plaintiff identifies the defendants in their individual and official capacities.  He requests compensatory and punitive damages and immediate release from custody.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to review this case prior to service of process being issued.  Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  However, "they still must allege sufficient facts to

3

support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. DISCUSSION

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Section 1983 establishes a federal cause of action against officials who, acting under color of state law, subject another to a violation of the United States Constitution or federal law. *See* 42 U.S.C. § 1983. The Court discusses each of Plaintiff's claims, in turn, below.

#### A. Claims 1 and 3

Plaintiff's claims 1 and 3 concern conduct that occurred in October 2019. These claims are time-barred. Section 1983 itself does not include a specific statute of limitations period. Instead, "§ 1983 claims accruing within a particular state are to be governed by that state's general personal-injury statute of limitations." *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Here, Plaintiff says that the incident that gives rise to his claims took place at the Benton County Detention Center in Bentonville, Arkansas in October 2019. In Arkansas, the general personal-injury statute of limitations is three (3) years. *Id.*; *see also Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Arkansas three-year personal injury statute of limitations applies to § 1983 actions).

The 3-year statute of limitations begins to run, moreover, "when the plaintiff has a complete and present cause of action [ . . . ] that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (2007)) (cleaned up). In this case, there is no question that Plaintiff could have filed suit after the alleged assault, more than three

years ago. Thus, Plaintiff's claims 1 and 3 are time-barred unless Plaintiff can successfully invoke Arkansas's so-called savings statute. Unfortunately for Plaintiff, however, the Arkansas savings statute plainly does not apply here.

Pursuant to that statute, "[i]f any action is commenced within the time . . . prescribed . . . and the plaintiff suffers a nonsuit . . . the plaintiff may commence a new action within (1) one year after the nonsuit." Ark. Code Ann. § 16-56-126. Here, however, Plaintiff does *not* contend that he first brought these claims within the three-year statute of limitations period but that the case was later dismissed without reaching a decision on the merits. Indeed, Plaintiff asserts on the face of the Amended Complaint that he has not previously initiated a federal lawsuit concerning this same set of facts. *See* (ECF No. 8, p. 13). Accordingly, Plaintiff's claims 1 and 3 are time-barred and should be dismissed on that basis.

### B. Claim 2

This leaves Plaintiff's second claim. Recognizing that pro se filings are to be liberally construed, this Court views Plaintiff's second claim as consisting of two claims. One, that Defendant Pollock and John or Jane Doe detention officers signed paperwork putting him in lockdown from November 8, 2021, to December 10, 2021, and that this decision was made without just cause in violation of his constitutional rights. And second, that the conditions of lockdown – namely, not having access to a mat and socks and being "stripped from everything" under "freezing" conditions – violated his constitutional rights.

Turning first to Plaintiff's claim that Defendants Pollock and John and Jane Doe Detention Officers placed him in "lockdown" – which this Court understands to be "segregation" – without justification, this Court views this claim as asserting a procedural due process violation. Plaintiff

5

asserts he was convicted of a criminal offense on December 22, 2023, and that the alleged facts giving rise to his claims took place from November 8, 2021, to December 10, 2021. (ECF No. 8). Accordingly, it appears that Plaintiff was a pretrial detainee at the time, and thus this Court analyzes his claim under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (explaining that "the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law" are properly evaluated under the Fourteenth Amendment).

Under the Fourteenth Amendment, a pretrial detainee cannot be "punished prior to an adjudication of guilt in accordance with due process of law." *Id.* Here, Plaintiff has pleaded that he was placed in "lockdown" without cause, that he was housed in "lockdown" for approximately 30 days, and that during this time he did not have access to a mat or socks and was "stripped from everything" under "freezing" conditions. (ECF No. 8). Plaintiff claims he was placed in lockdown because Defendant Pollock "previously had an issue with him." *Id.* Thus, for the limited purpose of preservice review under 28 U.S.C. § 1915A, this Court finds that Plaintiff has pleaded a plausible claim that Defendants Pollock and John or Jane Doe Detention Officers "punished" him by placing him in "lockdown" for approximately 30 days without due process of law in violation of the Fourteenth Amendment.

Similarly, as a pretrial detainee, this Court analyzes Plaintiff's conditions of confinement claims under the Fourteenth Amendment's Due Process Clause. *Stearns v. Inmate Services Corporation*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Wolfish*, 441 U.S. at 525 n.16). In *Wolfish*, the Supreme Court held that the government may detain defendants pretrial and "may subject them to the restrictions and conditions of a detention facility so long as those conditions and restrictions

do not amount to punishment, or otherwise violate the Constitution." *Wolfish*, 441 U.S. at 536-37. There are two ways to determine whether conditions of confinement rise to the level of punishment. First, "a plaintiff could show that the conditions were intentionally punitive." *Id.* at 538. Alternatively, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate government purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (quoting *Wolfish*, 441 U.S. at 538-39). Here, again, for the limited purpose of preservice review, this Court finds that Plaintiff has pleaded a plausible claim that the conditions of "lockdown" were intentionally punitive.

### C. Grievances

Regarding claim 2, Plaintiff says that he filed a grievance on November 14, 2021, and "D. Stamps" investigated it and took no action; he filed a second grievance on November 24, 2021, and "D. Stamps" again investigated it and took no action, and that he filed a third grievance on November 29, 2021, and "Tyler Ross" looked into it, but took no action. (ECF No. 8). Plaintiff does not explicitly identify "D. Stamps" or "Tyler Ross" as defendants to this claim. To be clear, even if he did, claims against them for purportedly failing to properly respond to grievances would fail as a matter of law, because inmates have no constitutional right to a grievance procedure. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). Thus, to the extent that Plaintiff claims that "D. Stamps" and "Tyler Ross" did not properly respond to his grievances, Plaintiff has failed to implicate a constitutional right. *Id.* ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration").

### D. Defendant Shawn Holloway

Plaintiff identifies Defendant Shawn Holloway only as a defendant as to claim 1, which relates to conduct that allegedly occurred in 2019. As noted above, claim 1 (and claim 3) should be dismissed as time barred. Regarding claim 2, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Plaintiff fails to allege any facts suggesting that Defendant Holloway was directly involved in (or responsible for) the decision to place him in lockdown or the conditions of lockdown. Accordingly, Defendant Holloway should be terminated as a defendant to this action.

### E. Official Capacity Claims

Finally, Plaintiff identifies Defendants in their individual and official capacities. Because Plaintiff's claims 1 and 3 are time-barred, the Court only considers whether Plaintiff has established a plausible official capacity claim against Defendant Pollock and John and Jane Doe Detention officers with respect to claim 2.

"A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent," or, in this case, Benton County. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). To prevail on a claim against Benton County, Plaintiff must show that the constitutional violation resulted from (1) an "official policy," (2) an unofficial "custom;" or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

In this case, Plaintiff fails to assert any facts to suggest that the decision to place in him lockdown from November 8, 2021, to December 10, 2021, was motived by some unconstitutional policy or unconstitutional unofficial custom. Further, there are no alleged facts establishing that

he was placed in lockdown because of a deliberate indifference to train or supervise. Plaintiff's official capacity claims should therefore be dismissed.

## IV. CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that:

1. Plaintiff's claims against Defendants Holloway, Pollock, and John and Jane Doe Detention Officers for conduct that allegedly occurred in October 2019 (claims 1 and 3) **BE DISMISSED WITHOUT PREJUDICE.**

2. Defendant Shawn Holloway **BE TERMINATED** as a Defendant in this matter.

3. Plaintiff's official capacity claims against Defendants Pollock and John and Jane Doe Detention Officers be **DISMISSED WITHOUT PREJUDICE**.

4. Defendant's individual capacity claim against Defendants Pollock and Jane and John Doe Detention Officers for allegedly placing him in "lockdown" from November 8, 2021, to December 10, 2021, without due process of law in violation of the Fourteenth Amendment **PROCEED**.

5. Plaintiff's individual capacity claims against Defendants Pollock and Jane and John Doe Detention Officers alleging that the conditions of "lockdown" violated his constitutional rights under the Fourteenth Amendment **PROCEED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

    **DATED** this 20th day of February 2024.

                                      */s/ Christy Comstock*
                                      CHRISTY COMSTOCK
                                      UNITED STATES MAGISTRATE JUDGE