IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEREL R. McELROY                                                                                                    PLAINTIFF

v.                                            Civil No. 5:24-CV-05022-TLB-CDC

DEPUTY DAVID POLACK;
JOHN OR JANE DOE DETENTION OFFICERS;
DETENTION OFFICER D. STAMPS; and LEVI FRANKS, BCDC,          DEFENDANTS.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jerel R. McElroy has initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). *See* (ECF No. 6). This matter is currently before the Court pursuant to 28 U.S.C. § 636(b)(1) and (3) and on the Court's efforts to serve Defendant Deputy David Polack. Upon review of all records and proceedings herein and for the reasons described below, this Court recommends that the claims against Defendant Polack be dismissed without prejudice and that he be terminated as a defendant to this action.

### BACKGROUND

Plaintiff initiated this action on January 24, 2024, and requested to proceed IFP. (ECF Nos. 1, 2). After noting potential legal and factual deficiencies with the original complaint, this Court directed Plaintiff to submit an amended complaint by February 14, 2024, failing which this matter would be subject to dismissal for failure to comply with court orders. (ECF No. 3). This Court also ordered Plaintiff to either submit a complete IFP application, including a signed certificate of inmate account and assets form as required by law, *see* 42 U.S.C. § 1915(b), or pay

1

the full filing fee by that same day, failing which this matter would also be subject to dismissal. *Id.* On January 29, 2024, Plaintiff submitted a complete IFP application, including the required form. (ECF No. 5). This Court granted Plaintiff's IFP application the next day. (ECF No. 6).

On February 6, 2024, Plaintiff submitted an amended complaint and second IFP application. (ECF Nos. 8-9). On February 9, 2024, this Court denied Plaintiff's second IFP application as moot. (ECF No. 10). Upon preservice review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a), this Court recommended that Plaintiff's individual capacity claims against Defendants Polack and Jane and John Doe Detention Officers for purportedly placing him in "lockdown" from November 8, 2021, to December 10, 2021, without due process of law and for the conditions of his confinement while in lockdown proceed and that all other claims be dismissed without prejudice. (ECF No. 11). This Court then ordered service on Defendant Polack, the only remaining defendant identified by name, at his last known address: the Benton County Detention Center. (ECF No. 12). United States District Court Judge Timothy L. Brooks later adopted these recommendations without objection, terminating Sheriff Holloway as a defendant to this action. (ECF No. 16).

Court records reflect that service on Defendant Polack was returned executed on March 4, 2024. (ECF No. 15). On March 19, 2024, this Court received a Motion to Set Aside the Executed Summons on Defendant Polack on the grounds that personal service had not been properly executed on Defendant Polack because he was no longer employed by the Benton County Sheriff's Office and had not been employed by the Benton County Sheriff's Office at the time that service had been executed. (ECF No. 17). The Motion included Defendant Polack's last known address, which had been filed under seal. (ECF No. 19). On March 20, 2024, this Court granted the Motion

2

to Set Aside Summons Returned Executed, (ECF No. 20), and ordered service of Defendant Polack on the address that had been placed under seal, (ECF No. 21).

On April 16, 2024, Plaintiff filed a Motion to Amend the amended complaint. (ECF No. 25). On April 23, 2024, service on Defendant Polack was returned unexecuted, with a potential service address written on the envelope. (ECF No. 26). On that same day, this Court ordered service on Defendant Polack on the address written on the envelope. (ECF No. 27). On May 14, 2024, this Court granted Plaintiff's motion to further amend the amended complaint and directed him to file the second amended complaint by May 28, 2024. (ECF No. 29). When that deadline passed with no response from Plaintiff, on June 3, 2024, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with court orders. (ECF No. 30). Plaintiff's response to the Court's show cause order was due by June 24, 2024. *Id.* That same day, Plaintiff submitted the Second Amended Complaint. (ECF No. 31). This Court reviewed the Second Amended Complaint and ordered that the claims previously dismissed without prejudice be stricken and that service of the Second Amended Complaint be ordered on Defendant D. Stamps. (ECF No. 32). That same day, this Court ordered Plaintiff to provide an additional service address for Defendant Polack, explaining that it had come to the Court's attention that service at the address provided on the return address had been returned as unexecuted. (ECF No. 35); *see also* (ECF No. 36). In that Order, the Court cautioned Plaintiff that failure to effect service on Defendant Polack may result in a recommendation that the claims against him be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). (ECF No. 35).

On June 24, 2024, Plaintiff filed a Motion for Release or Reduction in Sentence. (ECF No. 37). That same day, Plaintiff provided a potential service address for Defendant Polack. (ECF No. 38). On June 28, 2024, this Court ordered service of the Second Amended Complaint on

Defendant Polack at the address provided by Plaintiff. (ECF No. 39). On July 3, 2024, this Court denied Plaintiff's Motion for Release or Reduction in Sentence. (ECF No. 41). On July 22, 2024, Defendant Stamps filed an Answer and identified Levi Franks as one of the John or Jane Doe Detention Officers named as defendants to this action. (ECF No. 43). Thus, this Court directed the Court to add Levi Franks as a defendant in the case caption and then ordered service of the Second Amended Complaint on Defendant Franks. (ECF No. 44).

On July 23, 2024, service on Defendant Polack at the address Plaintiff provided was returned unexecuted. (ECF No. 46). The next day, the Court attempted service on Defendant Polack for the fifth time. (ECF No. 47). On August 20, 2024, Defendant Franks filed an Answer. (ECF No. 50). The next day, this Court ordered Defendants to either file a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies before pursuing this action in accordance with 42 U.S.C. § 1997e(a) by October 21, 2024, or promptly file a notice informing the Court and parties that they did not intend to pursue that affirmative defense at trial. (ECF No. 51). On September 25, 2024, service was returned unexecuted as to Defendant Polack. (ECF No. 52).

## DISCUSSION

Where, as here, the Court authorizes a plaintiff to proceed IFP pursuant to 28 U.S.C. § 1915, Rule 4 of the Federal Rules of Civil Procedure requires the Court to order service on the defendants by the United States Marshal Service ("USMS"). *See* Fed. R. Civ. P. 4(c)(3).

Pursuant to Rule 4(m), however, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified

time . . . ." Fed. R. Civ. P. 4(m). The Court must extend the period for service, moreover, "if the plaintiff shows good cause for the failure" to serve. *Id.*

While the Rule 4 requires the Court to order the USMS to effect service on the defendants when a plaintiff is proceeding IFP, the plaintiff is ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n.3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

Here, Plaintiff filed his complaint naming Deputy David Polack as a defendant on January 24, 2024. (ECF No. 1). This Court has attempted service on Defendant Polack five times: February 21, 2024, (ECF No. 12); March 20, 2024, (ECF No. 21); April 23, 2024, (ECF No. 27); June 28, 2024, (ECF No. 39); and July 24, 2024, (ECF No. 47). More than 90 days has elapsed since the first service attempt was returned as unexecuted. Indeed, this Court has attempted service of Defendant Polack at five different addresses, two of which Plaintiff provided. Despite these service attempts, however, service on Defendant Polack has not been properly executed.

## CONCLUSION

Accordingly, since more than 90 days have passed since service was first attempted on Defendant Polack and service remains unexecuted, this Court recommends, consistent with Fed. R. Civ. P. 4(m), that the claims against Defendant Polack be **DISMISSED WITHOUT PREJUDICE** and that Defendant Polack be **TERMINATED** from this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

**Status of Referral: This lawsuit remains referred.**

**RECOMMENDED this 1st day of October 2024**.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE